UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN MEE,

            Plaintiff,                    Case Number: 19-11714
                                            Honorable Mark A. Goldsmith

v.

RONALD WYSE,

            Defendant.

_____/

**OPINION & ORDER
(1) ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 8, 2020 (Dkt. 25); (2) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTION (Dkts. 26 & 27); AND (3) GRANTING IN PART DEFENDANT RONALD WYSE'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 17)**

Plaintiff Benjamin Mee filed this pro se prisoner civil rights case against Defendant Ronald Wyse, a general office assistant employed by the Michigan Department of Corrections ("MDOC") at Parnall Correctional Facility ("SMT"). He alleges that Wyse read and censored his outgoing correspondence to family and friends that contained disparaging statements about SMT and its employees. He also says that Wyse retaliated against him for the disparaging comments by issuing misconduct tickets and notices of intent to conduct administrative hearings ("NOIs"). The matter was referred to Magistrate Judge Anthony P. Patti for all pretrial matters (Dkt. 13). Wyse filed a motion for partial summary judgment alleging that Mee failed to exhaust his administrative remedies as to some of the claims in the complaint (Dkt. 17). Magistrate Judge Patti issued a Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part

Wyse's motion (Dkt. 25). Mee filed an objection to the R&R (Dkt. 27).[1] Wyse did not respond to Mee's objections, nor did he file his own objections.[2] For the reasons discussed below, the Court sustains in part and overrules in part Mee's objection and adopts in part the recommendation contained in the magistrate judge's R&R.[3]

## I. BACKGROUND

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In relevant part, Mee, while incarcerated at SMT, alleges that Wyse censored his outgoing correspondences to family and friends on about ten occasions, and issued a number of NOIs. Mee has filed this action under 42 U.S.C. § 1983, alleging violations of the First Amendment for censorship and retaliation. Wyse filed a motion for partial summary judgment asserting that Mee only properly exhausted two of his censorship claims and one of his retaliation claims. Mee argued otherwise.

---

[1] Mee filed his objection on June 22, 2020 (Dkt. 26), and he filed a corrected version (Dkt. 27) that same day to include a certificate of service. There does not appear to be any difference between the two filings other than the certificate of service.

[2] The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error with respect to the portions of the R&R to which no party has objected and accepts the recommendation.

[3] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

Under the Prison Litigation Reform Act ("PLRA"), inmates are prohibited from bringing § 1983 actions until they have properly exhausted their administrative remedies. 42 U.S.C. §1997e(a). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

The MDOC grievance process requires an inmate to first attempt to resolve any grievance with the staff member involved in the grievance issue. MDOC Policy Directive 03.02.130, Ex. B to Def. Mot., ¶ P (Dkt. 17-3). If the issue is not resolved, the inmate may file a Step I grievance. Id. ¶¶ P-AA. If an inmate is not satisfied with the Step I grievance response, or the inmate does not receive a response within ten business days, the inmate may file a Step II grievance. Id. ¶¶ BB-EE. If an inmate is not satisfied by the Step II response, or does not receive a response in ten business days, the inmate may file a Step III grievance. Id. ¶¶ FF-GG. An inmate's claim is only exhausted once it has gone through all three steps of the grievance process. Id. ¶ B. However, exhaustion is not required where the grievance process is "unavailable," for example where the process operates as a dead-end, the grievance systems is too opaque, or prison officials intentionally thwart the grievance process. Ross v. Blake, 136 S. Ct. 1850, 1858 (2016).

In support of his motion for partial summary judgment, Wyse argued that Mee had fully exhausted only three of his claims. Mot. for Summ. J. at 14 (Dkt. 17). Wyse, in a cursory fashion, argued that the relevant grievances were either improperly filed or that they did not raise a specific type of claim. See id. at 8-13. Mee's response argued three general points. First, he made specific arguments about the grievances addressed by Wyse. Second, he argued that Wyse had not met his burden of showing no genuine issue of material fact where Wyse did not address his specific

claims. Finally, he argued that MDOC staff thwarted his efforts to grieve some of the issues. See generally Resp. (Dkt. 19).

With respect to Mee's grievance rejection, the magistrate judge largely agreed with Mee, explaining as follows:

> With no analysis as to the legitimacy of this rejection in his summary judgment motion, Defendant asserts that 'improperly filed grievances cannot serve to exhaust a prisoner's claims so this grievance does not help [Plaintiff] for exhaustion purposes.' (ECF No. 17, PageID.67.) However, a thorough reading of the grievance suggests otherwise. It is not unreasonable, as Plaintiff asserts in his response to the instant motion, that SMT-18-12-1255-27A relates to his November 16, 2018, and November 28, 2018 censorship allegations, and was improperly rejected as a challenge to a hearing decision 'because it complained, in an unartful way, of censorship and retaliation with no mention of decisions by the hearing officer for the referenced misconducts.' (ECF No. 19, PageID.261.)
>
> . . .
>
> Moreover, neither claims of censorship, nor claims of retaliation for that matter, are properly rejected on the procedural basis that decisions made in hearings conducted by hearing officers are non-grievable. For obvious reasons, an individual's act of censorship is not a hearing decision, and a complaint in the form of a retaliatory misconduct report is distinct from a grievance regarding the outcome of a misconduct hearing itself, which is in fact prohibited under PD 03.02.130 (ECF No. 17-3, PageID.80-81, ¶ F). See Reynolds-Bey v. Harris, 428 F. App'x 493, 500-01 (6th Cir. 2011) ('As distinct from the outcomes of misconduct hearings, the filing of retaliatory misconduct reports is grievable under MDOC Policy Directive 03.02.130.') Accordingly, the Court should find genuine issues of material fact with regard to both the application of this grievance to the above censorship claims and to exhaustion, and deny summary judgment of these claims on that basis.

R&R at 12-14. Although the magistrate judge recommends finding a fact issue with respect to exhausting Mee's censorship claims, he recommends a different outcome with respect to five of Mee's retaliation claims.

The magistrate judge recommends granting Wyse's motion on five of Mee's retaliation claims, because Mee failed to produce any additional evidence demonstrating exhaustion of his claim. R&R at 21-22. And he recommends rejecting Mee's argument that the MDOC staff

4

thwarted his attempts to avail himself of the grievance process, because he did not name the MDOC staff member who he says prevented access to the grievance process in this case, and because Mee's other grievances tend to show the grievance process works. Mee filed an objection taking issue with the dismissal of his retaliation claims.

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.")).

## III. ANALYSIS

Mee argues that the magistrate judge erred by recommending that Wyse's motion be granted as to Mee's retaliation claims because of a failure to exhaust. Obj. at 2. Mee takes issue with the portion of the R&R that recommends that "[t]he Court should grant summary judgment on Plaintiff's November 30, 2018, December 14, 2018, January 8, 2019, March 25, 2019, and March 27, 2019 retaliation claims." R&R at 21. Mee makes arguments with respect to each date. Mee's arguments will be addressed in turn.

A. **November 30, 2018**

The magistrate judge recommends granting Wyse's motion on the November 30, 2018 retaliation claim, because Mee failed to produce any additional evidence demonstrating exhaustion of his claim. R&R at 21-22. And the magistrate judge says that he sees "no reason to make the argument for [Mee] that this grievance was properly exhausted and relates to his November 30, 2018 retaliation claim." Id. Mee objects to this recommendation as a general matter because he says that Wyse did not make any argument in opposition to his retaliation claims. Obj. at 2. He also argues that his grievance does raise retaliation claims, and, for the first time, he says that he also raised the issue of retaliation at the initial interview through an oral grievance, which in turn was appealed through the grievance process. Id. at 2-3. Mee's objection has some merit.

According to the complaint, Wyse issued six Class II misconduct reports for insolence to Mee, including one on November 30, 2018. Compl. ¶ 8(A). Mee alleges that Wyse issued the insolence reports in retaliation for the comments Mee made in his correspondences. Id. ¶¶ 17-18. Mee's grievance states the following:

> GOA Wyse has issued two tickets (11/16/18 and 11/30/18) for Insolence without merit. These tickets are a violation of my 1st Amendment Right to Free Speech. Courts have held that prison officials censoring & disciplining prisoners based on statements in mail that are intended to insult prison personnel, even if such statements would be prohibited if expressed verbally have no merit and are acting unconstitutionally. [Citing cases] all provide for relief under 1st Amendment. GOA Wyse is without merit.

Grievance Record, Ex. C to Def. Mot., at PageID.214-218 (Dkt. 17-4) (emphasis in original). The grievance was rejected because it involved "[d]ecisions made in hearings conducted by Hearing Officers of the State Office of Administrative Hearings and Rules." Id. at PageID.218 (citing Policy Directive ["PD"] 03.02.130).

Mee appealed the Step I decision stating as follows:

> GOA Wyse violated my 1st Amendment rights by censoring my outgoing email. While it is legal to inspect my outgoing mail, and in some cases to censor it, it is not legal to censor correspondence containing criticism, disrespectful comments, or derogatory remarks about prison officials. [Citing cases] which found a 1st Amendment violation where the prisoner was disciplined for using insulting language about prison officials in a letter to his brother.

Id. at PageID.215. The appeal was again rejected, because hearing decisions are not grievable. Id. at PageID.216. Mee filed a Step III grievance stating that, "Issues not addressed at Step I or Step II. Staff continue to ignore the actual issues." Id. at PageID.215. The Step III decision upheld the previous decisions. Id. at PageID.214.[4]

In his response, Mee argued that "Wyse makes no attempt to point to any evidence in the record proving the rejection was proper beyond his conclusory statements, thereby failing to carry his burden of persuasion for this claim." Resp. at 6 (Dkt. 19). He also argued that he "complained about censorship and retaliation in violation of his First Amendment rights," and that "[t]he Step II response even states Mee complains that Parnall staff are infringing on his rights by writing unnecessary misconduct reports," which he argued "is not the same as complaining about a decision by a hearing officer." Id.

Mee's objection is overruled to the extent that he says that he grieved his retaliation claim orally, because this argument was not previously raised. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived."). However, his objection is sustained in part for the reasons already provided by the magistrate judge in the context of Mee's censorship claim.

---

[4] This grievance has an identifier number of SMT-18-12-1552-27A, but it appears that at the Step III appeal the identifier was erroneously entered as SMT-18-12-1255-27A. However, there does not appear to be any dispute that the Step III appeal is referring to the same grievance, and both parties rely on the same record citations.

As the magistrate judge pointed out, "For obvious reasons, . . . a complaint in the form of a retaliatory misconduct report is distinct from a grievance regarding the outcome of a misconduct hearing itself, which is in fact prohibited under PD 03.02.130." R&R at 13 (citing Reynolds-Bey v. Harris, 428 F. App'x 493, 500-501 (6th Cir. 2011) ("As distinct from the outcomes of misconduct hearings, the filing of retaliatory misconduct reports is grievable under MDOC Policy Directive 03.02.130.")). The magistrate judge's concern with making arguments on Mee's behalf is misplaced. Mee made the argument in his response brief when he said that "[t]he Step II response even states Mee complains that Parnall staff are infringing on his rights by writing unnecessary misconduct reports," which he argued "is not the same as complaining about a decision by a hearing officer." Resp. at 6 (emphasis added). Mee's argument is not as succinct or as well-supported as the magistrate judge's argument, but it is essentially the same argument.

Additionally, there is nothing in the record that establishes that Mee was grieving hearing decisions or that the decisions were even made during a hearing. "In cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." Surles v. Andison, 678 F.3d 452, 455-456 (6th Cir. 2012) (internal marks and quotations omitted). Mee's grievance is explicit with respect to retaliation stemming from actions taken on November 30, 2018, and Mee took his grievance through all three steps of the grievance process. Wyse did not meet his burden of showing no genuine issue of material fact in his summary judgment motion by simply attaching Mee's grievance reports and arguing generally that Mee failed to exhaust his remedies. See R&R at 19, 21-22.

Because there is sufficient evidence in the record to create a fact issue with respect to whether Mee exhausted his November 30, 2018 retaliation claim, Mee's objection is sustained in that regard.

**B. December 14, 2018, March 25, 2019, and March 27, 2019**

The magistrate judge recommends granting Wyse's motion on the December 14, 2018, March 25, 2019, and March 27, 2019 claims, because the grievance records do not contain any fully exhausted grievances for retaliation stemming from those dates. R&R at 23. Mee argues that the retaliation claims are based on misconduct reports that were dismissed after he received favorable rulings at the hearings. Obj. at 3-4. He says that he raised the retaliation issue at the hearings, and, therefore, he exhausted his claims. Id. (citing Mee Decl., Ex. 1 to Objections, ¶ 2 (Dkt. 27-2)). Mee's argument misses the mark.

Even accepting Mee's version of events as true, if Mee wanted to continue to pursue his retaliation claims after receiving favorable rulings at the ticket hearings, he could have done so through the normal grievance process. Because Mee did not grieve his retaliation claims through all three steps of the grievance process, and there is no indication that the process was unavailable to him with respect to these claims, these claims were not exhausted.

Mee's objection is overruled with respect to his December 14, 2018, March 25, 2019, and March 27, 2019 retaliation claims.

**C. January 8, 2019**

The magistrate judge recommends denying the retaliation claim stemming from actions allegedly taking place on January 8, 2019, because there are no fully exhausted grievances related to that date. R&R at 23. The magistrate judge notes that grievance SMT-19-03-0051-28e might be the grievance Mee is referring to for exhaustion purposes, but he notes that the grievance

addresses concerns that Wyse put Mee in danger by sharing the contents of Mee's emails with others. Id. (citing PageID.247). The grievance says that on January 7, 2019, Wyse shared information with staff members, which caused problems for Mee, including having his cell searched for drugs. The grievance was denied for lack of evidence, and there is no record of a Step II or Step III grievance. Grievance Record at PageID.248 (Dkt. 17-5). However, on March 13, 2019, Mee sent a letter to the Director's office enclosing the grievance and complaining that despite his requests for a Step II grievance form, his requests were ignored. Id. at PageID.249. Mee says that he submitted a handwritten Step II grievance and later a Step III grievance, but neither was addressed. Id.

Mee's objection as to the January 8, 2019 retaliation claim is sustained. The SMT-19-03-0051-28e grievance arguably involves retaliatory actions stemming from either January 7 or 8, when Wyse allegedly leaked information from Mee's emails with the intent of causing him harm. When Mee attempted to grieve the issue, he says that he was both denied access to the appropriate forms, and that his handwritten Step II and Step III grievances went missing, as explained in his March 2019 letter to the Director's office. There is a fact dispute concerning whether the grievance alleges retaliation. And there is a fact dispute as to whether the grievance process was available to Mee where the record provides evidence that Mee may have been thwarted by MDOC staff from grieving the issue by not providing him with the required forms, and Mee's handwritten Step II and Step III grievances went missing. Exhaustion may be excused where the grievance process was not available to an inmate. Ross, 136 S. Ct. at 1858.

Because there is a fact issue with respect to the substance of Mee's grievance, and whether the grievance process was available, Mee's objection is sustained on his January 8, 2019 retaliation claim.

## IV. CONCLUSION

For the reasons stated above, Mee's objection is sustained in part and overruled in part. Mee's objection is sustained as to the November 30, 2018 and January 8, 2019 retaliation claims. Mee's objection is overruled as to the December 14, 2018, March 25, 2019, and March 27, 2019 retaliation claims. The magistrate judge's opinion is adopted in part. Wyse's motion for partial summary judgment (Dkt. 17) is granted as to Mee's December 14, 2018, March 25, 2019, and March 27, 2019 retaliation claims, and denied in all other respects.

SO ORDERED.

Dated: August 19, 2020
      Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge